Bar Docket No. 07562

In the Matter of Tyson Wade Whiteside, *Respondent.*

(763 P.2d 630)

Opinion filed October 28, 1988.

*Stanton A. Hazlett,* deputy disciplinary administrator, appeared for the petitioner.

No appearance by respondent.

Tyson Wade Whiteside was admitted to the practice of law in the State of Kansas in September 1972. In 1983 he was suspended from the practice of law in Kansas for nonpayment of registration fees pursuant to Rule 208 (1987 Kan. Ct. R. Annot. 106). Sometime prior to 1983, respondent commenced the practice of law in the State of Missouri and on or about the 29th day of July 1986, the respondent was disbarred from the practice of law in the State of Missouri by order of the Supreme Court of Missouri in disciplinary case number 67837.

The order of the Supreme Court of Missouri found that the respondent had been charged with professional misconduct in the following particulars:

"Count I

"During June of 1984, Respondent was retained to handle an immigration case involving Jose Wilson Hidalgo and Marlene Maria Hidalgo. Respondent was retained by relatives of these individuals, Mr. Edward S. Alviso, Sr. and Carolina Jimenez. These persons furnished Respondent with a total sum of $8,000.00 to constitute an appearance bond of $4,000.00 for each individual. Respondent, thereafter, used said money to post the bond with the Immigration and Naturalization Service District Office in Kansas City, Missouri, and obtained from that office original receipts running to the Respondent in his individual name. Regulations of the Immigration Service required submission of said receipts as a condition before the money on deposit could be returned to the individuals who furnished the same.

"Respondent, thereafter without notice to his clients, moved from his office address in Suite 285, 9229 Ward Parkway, Kansas City, Missouri, and left the State of Missouri. Respondent on being contacted by Staff Counsel of this committee and by the new attorney for the aforesaid clients, failed to timely arrange for return to the clients of the clients' property specifically, the receipts for the bonds from the Naturalization Service, contrary to DR1-102(A)(1)(4)(5)(6); DR6-101(A)(3); DR7-101(A)(1)(2)(3); and DR9-102(B)(2)(3)(4).

"Count II

"The Respondent in his individual capacity was named as the defendant in civil actions instituted against the Respondent in the Circuit Court of Jackson County in 21 cases during the years of 1983, 1984 and 1985. In most cases, judgments were rendered against the Respondent and some of said suits were on insufficient funds checks which Respondent had uttered, contrary to DR1-102(A)(3)(5)(6).

"Count III

"Respondent failed to pay his 1984 enrollment fee to the Clerk of the Missouri Supreme Court and his right to practice law in the State of Missouri was automatically suspended in accord with Rule 6.01(d). Respondent practiced law in the State of Missouri during 1984 when he knew that said privilege had been suspended by reason of the aforesaid rule.

"Respondent further failed to pay the 1985 enrollment fee and continued to practice law in this state after January 31, 1985, until Respondent left the State of Missouri, contrary to DR1-102(A)(4)(5)(6).

"Count IV

"Respondent has failed to cooperate with Staff Counsel and the Advisory Committee and failed to appear at a hearing before the Advisory Committee on June 27, 1985, all contrary to DR1-102(A)(4)(5)(6)."

The Supreme Court of Missouri found that the respondent had violated several of its disciplinary rules and entered its order disbarring the respondent.

Based upon the findings and order of the Supreme Court of Missouri, this court issued several orders directed to the respondent to appear and show cause why he should not be disbarred in Kansas. On July 22, 1988, such an order was issued and thereafter served upon the respondent directing him to appear before this court on the 16th day of September, 1988. Respondent has failed to appear in response to such order.

The court being fully advised finds that the charges and findings of the Supreme Court of Missouri constitute violations of the Kansas Code of Professional Responsibility, Rule 225 (1987 Kan. Ct. R. Annot. 122), and that respondent should be disbarred from the practice of law in the State of Kansas.

IT IS THEREFORE ORDERED that Tyson Wade Whiteside be and he is hereby disbarred from the practice of law in the State of Kansas. The Clerk of the Supreme Court is directed to strike his name from the roll of attorneys admitted to practice law in this State.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas Reports and that the costs herein be assessed to the respondent.